[No. 4060. Decided December 10, 1901.]

FRANK X. SCHREINER, *Respondent,* v. PETER EMEL, *Appellant.*

APPEAL — AMOUNT IN CONTROVERSY — JUDGMENT AGAINST GARNISHEE.
    Where the pleadings in an action against a garnishee fail to show the amount claimed to be due from the garnishee to the

principal debtor, and the amount cannot be in any way determined from the record, the findings of the trial court as to the amount of such indebtedness are controlling, and where the amount is thereby shown to be below $200, an appeal will be dismissed, although the amount in controversy in the original action, to which the garnishment proceeding is auxiliary, may be in excess of $200.

Appeal from Superior Court, King County.—Hon. G. MEADE EMORY, Judge. Appeal dismissed.

*George McKay* and *Morris & Southard,* for appellant.

*Byers & Byers,* for respondent.

The opinion of the court was delivered by

WHITE, J.—There is no statement of facts in the record. Respondent moves to dismiss the appeal because the amount in controversy is less than $200, and for other reasons. The respondent recovered a judgment in the superior court of King county, against one Frank Emel, for the sum of $389. After the recovery of this judgment, a writ of garnishment was sued out in said court against Peter Emel on an affidavit reciting the recovery of the judgment, and that Peter Emel was indebted to Frank Emel, etc. After the service of the writ of garnishment on Peter Emel, he answered by denying that he was indebted to Frank Emel. This was controverted by the reply affidavit of respondent. No other pleadings were filed or ordered by the court to be filed. On the issues made by the denial of such indebtedness and the reply affidavit of respondent, a trial was had without a jury, the same being waived. The court made its findings of fact and conclusions of law, and gave judgment thereon in favor of the respondent and against the appellant for $35.

It is true that the writ of garnishment was in aid of the original judgment, but the proceeding against the garnishee by the respondent in the court below constituted, as far as the garnishee was concerned, an independent civil action at law for the recovery of a money judgment against the garnishee. The amount in controversy in this action was the amount claimed to be due from the garnishee to Frank Emel, for which the respondent was entitled to recover a judgment against the garnishee up to the amount of respondent's judgment against Frank Emel. This amount might be more or less than $200, but the amount must exceed $200, or this court has not jurisdiction; and it must affirmatively appear somewhere in the record that the amount claimed to be due from the garnishee to the debtor exceeds $200 before this court will assume jurisdiction. Where the pleadings in a proceeding like the one under consideration fail to show the amount claimed to be due from the garnishee to the principal debtor, and the evidence is not before this court, and the amount cannot be otherwise determined from the record, we are controlled by the findings of the court below. In this case the amount found to be due from the garnishee to the principal debtor, and for which judgment was rendered against the garnishee in favor of the creditor, was $35. This court therefore had not jurisdiction, and the appeal must be dismissed.

We have not considered the other objections to the jurisdiction of this court.

The appeal is dismissed, with costs to the respondent.

REAVIS, C. J., and DUNBAR, HADLEY, FULLERTON, ANDERS and MOUNT, JJ., concur.